IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STANLEY KRUPICKI,
INDIVIDUALLY AND ON BEHALF
OF OTHERS SIMILARLY SITUATED                    PLAINTIFF

V.                           NO. 4:12-cv-150-KGB

EAGLE ONE, INC.,
a/k/a EAGLEONE LOGISTICS,
a/k/a PRINT N' MAIL                             DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiff's Partial Motion to Strike Answer (Dkt. No. 10). Defendant has

responded (Dkt. No. 12), and Plaintiff has replied (Dkt. No. 14). For the reasons discussed below,

the motion is denied.

Plaintiff moves to strike two provisions of defendant's Answer (Dkt. No. 9). "'Motions to

strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.' A court

must deny a motion to strike 'if the defense is sufficient as a matter of law or if it fairly presents a

question of law or fact which the court ought to hear.'" United States ex rel. Rille v. Sun

Microsystems, Inc., 2008 U.S. Dist. LEXIS 90431, at *18 (E.D. Ark. Oct. 28, 2008) (quoting

Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). Further, "motions to strike are

generally not granted unless the moving party has shown prejudice." Id.

"Because the rule is stated in the permissive . . . it has always been understood that the

district court enjoys liberal discretion" under Rule 12(f). Stanbury Law Firm, P.A. v. IRS, 221 F.3d

1059, 1063 (8th Cir. 2000). Despite that discretion, granting a motion to strike pleadings is an

"extreme measure." Id. When moving to strike, "a plaintiff must show that the allegations being

challenged in the defendant's answer are 'so unrelated to the plaintiff's claims as to be unworthy of

any consideration as a defense and that their presence in the pleading throughout the proceeding

will be prejudicial to the moving party.'" <u>Sobba v. Elmen</u>, 462 F. Supp. 2d 944, 946 (E.D. Ark. 2006) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004)).

First, plaintiff moves to strike paragraph 97 of the Answer, in which "Defendant affirmatively pleads that Plaintiff's state law claims should be dismissed because the claims are precluded, preempted or incompatible with the claims set forth under the FLSA" (Dkt. No. 9, at 13). Plaintiff concedes that "the Eighth Circuit Court of Appeals has not yet addressed this issue" but asserts that "there is a clear consensus among the District Courts within the Eighth Circuit that the FLSA does not provide an exclusive remedy for violations of its provisions, and does not preempt state law claims even when there is a common core of operative facts" (Dkt. No. 11, at 2). This Court declines to strike the preemption defense at this point. Plaintiff has not alleged—and thus has not demonstrated—the requisite prejudice necessary to prevail on his motion to strike the preemption defense. There is also no controlling Eighth Circuit law on point. For this reason, the Court is unwilling to determine that the defense is so unrelated to plaintiff's claims as to be unworthy of any consideration. This defense fairly presents a question of law which the Court ought to consider. Accordingly, the motion to strike paragraph 97 of the Answer is denied.

Second, plaintiff moves to strike paragraph 98 of the Answer, in which "Defendant [claims it] is entitled to an award of attorney's fees for the defense of Plaintiff's and the alleged classes' [sic] breach of contract claims pursuant to Ark. Code Ann. § 16-22-308" (Dkt. No. 9, at 13). Plaintiff's Complaint does not expressly include a claim for relief based on breach of contract (Dkt. No. 1). Defendant, however, affirmatively pleaded that plaintiff breached the contract between the parties thus resulting in the termination of plaintiff's contract (Dkt. No. 9, at 12). Plaintiff has not alleged—and thus has not demonstrated—the requisite prejudice necessary to prevail on his motion to strike paragraph 98 of the Answer. This Court also cannot say that the claim for attorney's fees

is so unrelated to plaintiff's claims as to be unworthy of any consideration.  Accordingly, the

motion to strike paragraph 98 is denied.

For these reasons, Plaintiff's Partial Motion to Strike Answer is denied.

SO ORDERED this  28  day of June, 2012.


_____

Kristine G. Baker
United States District Judge