**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**STANLEY KRUPICKI**                                                                                                   **PLAINTIFF**

V.                                              NO. 4:12-CV-150 (KGB)

**EAGLE ONE, INC.,**
**a/k/a EAGLEONE LOGISTICS,**
**a/k/a PRINT N' MAIL**                                                                                              **DEFENDANT**

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL

The Defendant, EagleOne, Inc. ("EagleOne"), by and through its counsel and for its Brief In Support of Motion to Compel, pursuant to Fed. R. Civ. P. 37 and Local rule 7.2, states:

As stated in the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). As a prerequisite to moving for such an order, the moving party "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery . . . ." *Id.*; *See* Local Rule 7.2(g). This Court has jurisdiction over the pending action between the parties as required in Fed. R. Civ. P. 37(a)(2).

### Procedural History

On October 30, 2012, EagleOne served Plaintiff with its First Set of Interrogatories and Requests for Production of Documents. *See* Exhibit 1 attached to Defendant's Motion to Compel. Plaintiff timely responded to EagleOne's discovery requests on November 28, 2012. *See* Exhibit 2 attached to Defendant's Motion to Compel. However, Plaintiff's counsel objected to multiple discovery requests with general objections. *See id.*

EagleOne certifies that its counsel has made good faith attempts to confer with counsel for Plaintiff in an effort to secure the information or material without this Court's action. On December

5, 2012, EagleOne's counsel communicated to Plaintiff's counsel that Plaintiff's response were insufficient and requesting that such information and documentation be produced. *See* Exhibit 3 attached to Defendant's Motion to Compel. Counsel for Plaintiff responded on December 10, 2012, maintaining Plaintiff's original objections to the requested information. *See* Exhibit 4, attached to Defendant's Motion to Compel. Efforts between the parties in resolving these discovery disputes remain ongoing at this time; however, due to the impending response and motions deadlines in this case, EagleOne is filing this motion in an effort to obtain the relevant information necessary to file dispositive motions and prepare for trial.

### Legal Standards

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Rule 26 "is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." *Moh v. Rush Trucking Corp.*, 2012 U.S. Dist. LEXIS 139619 at *1 (E.D. Ark. September 25, 2012) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Relevant information includes *"any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Id.* (emphasis supplied). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.* (internal citations omitted).

### Disputed Discovery Requests

Each of the disputed Interrogatories and Requests for Production seeks information and

documents that are directly and specifically related to the Plaintiff's claims under the Fair Labor Standards Act and/or Arkansas Deceptive Trade Practices Act, the Defendant's defenses, and are reasonably calculated to lead to the discovery of admissible evidence. As such, EagleOne considers all of the disputed discovery requests, discussed below, to be within the scope of and, therefore, discoverable pursuant to Rule 26. To the extent that Plaintiff has agreed to supplement any disputed discovery responses, EagleOne does not address those requests for purposes of its motion to compel

Employment Records

Interrogatory No. 9 requests information related to Plaintiff's employment and income since the termination of his contractual relationship with Defendant. *See* Exhibit 1, pp. 10-11. Similarly, Request for Production No. 11, seeks documents related to Plaintiff's efforts to secure work since termination of his contract. In response, Plaintiff objected alleging that these requests were overbroad, unduly burdensome, and not relevant. *See* Exhibit 2. In support of this objection, Plaintiff cited to *Smith v. Frac Tech Servs., LLC*, 2011 U.S. Dist. LEXIS 3165 (E.D. Ark. Jan. 11, 2011) for support, as incorporated from Response to Interrogatory No. 8; however, the court's discovery order in that case is distinguishable.

The court in *Smith* did not exclude any references to that plaintiff's employers other than the defendant as indicated in that plaintiff's responses. Rather, the court in *Smith* excluded evidence at trial concerning plaintiffs' experiences regarding terminations and layoffs with other employers; facts related to whether plaintiffs were terminated from that employer; and evidence of job duties performed in plaintiffs' employment with other employers. *Smith*, 2011 U.S. Dist. LEXIS 3165 at *119.

Here, EagleOne is not seeking to introduce the requested information at trial, as in *Smith*,

3

198061

and, therefore, the analysis is unsupportive for objecting to EagleOne's discovery requests. Moreover, EagleOne has requested information and documents solely related to Plaintiff's income *since* the date of his EagleOne contract's termination. *See* Exhibit 1. This information goes directly to the issue of Plaintiff's damages and mitigation thereof, and is unquestionably relevant to Plaintiff's claims. Thus, the information sought is highly relevant and squarely within the scope of Rule 26.

<u>Financial Information</u>

Interrogatory No. 12 and Requests for Production No. 13, 14, and 15 seek information and documents related to Plaintiff's individual and business tax records. Interrogatory No. 14 and Requests for Production No. 12, 13, 14, 15, and 17 seek information and documents related to Plaintiff's corporate entity, Picki Logistics, Inc. *See* Exhibit 1. In response, Plaintiff objected on the grounds that the information sought is, among other things, not relevant and any tax returns are subject to a quasi-privilege. *See* Exhibit 2. Such information is relevant and material to the claims and defenses in this case.

In *In re Fedex Ground Package Sys.*, 2006 U.S. Dist. LEXIS 92636 (N.D. Ind. Dec. 14, 2006, the court found individual and business tax returns to be relevant and material in FLSA action where claims were to be analyzed under the economic realities test. Additionally, courts regularly find the fact that an alleged employee took tax deductions in the operation of its own business as a factor indicating independent contractor status under the FLSA. *See e.g.*, *Browning v. CEVA Freight*, 2012 U.S. Dist. LEXIS 114002, at *10 (analyzing the fact that a plaintiff-driver's corporate entity took tax deductions for expenses incurred in providing delivery services); *Mack v. Talasek*, 2012 U.S. Dist. LEXIS 42485, at *8-*9 (S.D. Tex. March 28, 2012) (noting that the plaintiffs' income tax returns showed that they deducted business-related expenses for

transportation, equipment, supplies, insurance, and other costs).

Citing case law, Plaintiff's counsel contends that EagleOne "has not demonstrated a compelling need of the sort necessary to mandate the production of Plaintiff's tax records." *See* Exhibit 4, pp. 2-3. Plaintiff alleges he is an employee for purposes of the FLSA. As noted above, courts regularly consider whether a sole proprietor files for tax deductions based on business expenses incurred in the alleged employment to be a persuasive factor in determining whether such individual is in fact an employee under the FLSA. *See In re Fedex Ground Package Sys.*; *Mack*, 2012 U.S. Dist. LEXIS 42485, at *8-*9; *CEVA*, 2012 U.S. Dist. LEXIS 114002, at *10, *supra*. This in itself evidence a compelling need on the part of EagleOne in defending itself from Plaintiff's FLSA claims.

Further, Plaintiff's tax returns and financial information for his corporate entity, Picki Logistics, will evidence the structure of Plaintiff's corporate business; the nature and amount of business expenses; the extent to which he employed and/or contracted with his own workers; his use of tax benefits available to business entities and other sources of income; and any payments related to the equipment cited in Plaintiff's Complaint as being unfair and deceptive. This is highly relevant to Plaintiff's claims and EagleOne's ability to defend against those claims.

Additionally, Plaintiffs' own financial information is required in determining damages, if any, and mitigation of those damages, if any, as discussed above. Importantly, the parties have entered into a mutually-acceptable Protective Order, which will maintain the confidentiality of any financial information provided to EagleOne. *See* Document 19. Because the requested information is relevant and material to Plaintiff's claims and EagleOne's defenses, EagleOne respectfully requests that the Court order Plaintiff to respond and/or supplement his previous responses over his objections.

<u>Requests for Production Nos. 1, 8 and 10</u>

Requests for Production Nos. 1 and 8 seek documents in the possession of witnesses and documents/communication between Plaintiff and EagleOne. Request for Production No. 10 seeks notes, calendars and other records kept by Plaintiff during the term of his contract with EagleOne. Plaintiff objected alleging the requests were overly broad and unduly burdensome and that the information is privileged. Here, EagleOne is not seeking any privileged information and agrees that any privileged information may be excluded from Plaintiff's production. However, all non-privileged communication/documents requested by EagleOne are relevant to the claims and defenses in this case and are likely to lead to admissible evidence.

As EagleOne's good faith attempt toward resolving these particular issues, it has limited its initial requests temporally and agreed to accept only the non-privileged documents identified in Requests for Production Nos. 1, 8 and 10 for the time period limited to that which Plaintiff contracted with EagleOne, which is 2006 – 2011. *See* Exhibit 3.

## **Conclusion**

For these reasons, in addition to those contained in its good faith letter, EagleOne is entitled to the documents requested despite the objections issued by Plaintiff in his responses. *See* Exhibit 3. Further, EagleOne respectfully requests that the Court order Plaintiff to produce the supplemental discovery promised in his original responses that remain outstanding. *See* Exhibit 2. Therefore, EagleOne respectfully requests the Court to grant its Motion and enter an Order compelling the Plaintiff to respond as requested in its Motion to Compel, to award attorneys' fees and costs, and for all other just and proper relief to which EagleOne may be entitled.

**Respectfully submitted,**

*/s/ Donna S. Galchus*
Donna S. Galchus (#80049)
Gregory J. Northen (#2011181)
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue, Suite 200
P.O. Box 3178 (72203)
Little Rock, Arkansas 72201
Telephone:  501-371-9999
Facsimile:  501-371-0035
E-mail:  dgalchus@cgwg.com
E-mail:  gnorthen@cgwg.com

**ATTORNEYS FOR DEFENDANT EAGLEONE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of December, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

**John T. Holleman, IV**
**Maryna O. Jackson**
Holleman and Associates, P.A.
1008 W. Second Street
Little Rock, Arkansas 72201

*/s/ Gregory J. Northen*
Gregory J. Northen