## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**STANLEY KRUPICKI,**
**INDIVIDUALLY AND ON BEHALF**
**OF OTHERS SIMILARLY SITUATED**                                         **PLAINTIFF**

**v.**                                      **No. 4:12-cv-150 KGB**

**EAGLE ONE, INC.,**
**a/k/a EAGLEONE LOGISTICS,**
**a/k/a PRINT N' MAIL**                                                  **DEFENDANT**

### ORDER

Before the Court is defendant's motion to compel (Dkt. No. 32).  Plaintiff has responded.

The Court conducted a telephone hearing on defendant's motion on January 4, 2013.

Defendant's motion is granted.

Defendant propounded written discovery to plaintiff on or about October 30, 2012.

Plaintiff served its responses and objections to defendant's discovery on November 28, 2012.

Defendant challenges the sufficiency of plaintiff's responses to Interrogatory Nos. 9 and 12 and

Request for Production Nos. 1, 8, 10, 11, 12, 13, 14, 15, and 17.

Interrogatory No. 9 seeks information regarding plaintiff's income since the date of his

termination.  Similarly, Request for Production No. 11 seeks information relating to plaintiff's

efforts to secure employment after he was terminated.  The Court overrules plaintiff's objection.

The information sought is relevant to the claims and defenses in the case, including but not

limited to the issue of mitigation of damages.  Plaintiff is ordered to supplement his responses to

Interrogatory No. 9 and Request for Production No. 11 within ten days of the entry of this Order.

Interrogatory No. 12 and Request for Production Nos. 13, 14, and 15 seek tax information

for plaintiff and his business, Picki Logistics, Inc.  Request for Production Nos. 12 and 17 seek

bank records and financial statements for Picki Logistics, Inc.  Defendant contends this financial

information is relevant to whether plaintiff is an employee or an independent contractor under

the Fair Labor Standards Act ("FLSA").

The Court uses an "economic realities" test to determine whether an individual is an

employee or independent contractor for purposes of the FLSA.  *Goldberg v. Whitaker House*

*Coop., Inc.*, 366 U.S. 28 (1961).   "[T]he focus is on whether the individual is economically

dependent on the business to which he renders service or is, as a matter of economic fact, in

business for himself."  *Gilzow v. Lender's Title Co.*, 2006 WL 522472 (W.D. Ark. 2006)

(quoting *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436 (10th Cir. 1998)).  Relevant factors

include:  (1) the degree of control exercised by the alleged employer; (2) the worker's investment

in the business; (3) the degree to which the worker's opportunity for profit and loss is determined

by the alleged employer; (4) the skill and initiative in performing the job; (5) the permanency of

the relationship; and (6) the extent to which the work is an integral part of the alleged employer's

business.  *Id.*

During the hearing on defendant's motion, the Court indicated that defendant was entitled

to some financial information and gave the parties until January 16, 2013 to reach an agreement

regarding this discovery dispute.  The parties report they are unable to reach agreement.

Several district courts have concluded that an FLSA plaintiff's individual and business

tax information is relevant under the economic realities test.  *See, e.g.*, *Rafeedie v. L.L.C., Inc.*,

2011 WL 5352826 (W.D. Tex. 2011); *In re Fedex Ground Package Sys.*, 2006 WL 3755311

(N.D. Ind. 2006); *see also, e.g.*, *Browning v. CEVA Freight, LLC*, 2012 WL 3308112 (E.D.N.Y.

2012) (noting that FLSA plaintiff's business took tax deductions for expenses incurred in

providing delivery services); *Mack v. Talasek*, 2012 WL 1067398 (S.D. Tex. 2012) (noting that

FLSA plaintiffs' income tax returns showed that plaintiffs deducted business related expenses for transportation, equipment, supplies, insurance, and other costs). *But see Nesselrodte v. Diva's, LLC*, 2012 WL 2061523 (N.D. W. Va. 2012) (noting that tax information was obtainable through less intrusive means, including through interrogatories, requests for admissions, and depositions). The Court is aware of no controlling authority from the Eighth Circuit on this issue.

Plaintiff states in his response that "many courts, including district courts within the Eighth Circuit, require a heightened showing of necessity, or the demonstration of a compelling need before ordering the disclosure of tax documents." None of the cases cited by plaintiff involved a claim under the FLSA. Accordingly, and in light of the foregoing authorities, the Court overrules plaintiff's objection. The information defendant seeks is relevant to the claims and defenses in this case. Plaintiff should supplement his responses to Interrogatory No. 12 and Request for Production Nos. 12, 13, 14, 15, and 17 and provide defendant with all necessary authorizations for the requested tax information and bank records within ten days of the date of this Order.

The Court understands from the telephone hearing that plaintiff has produced all documents in his possession responsive to Request for Production Nos. 1, 8, and 10. Plaintiff should supplement his responses to Request for Production Nos. 1, 8, and 10 to so state within ten days of the date of this Order.

SO ORDERED this 22nd day of January, 2013.

_____
Kristine G. Baker
United States District Judge

3